1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT RENN, on behalf of himself, all others similarly situated, and the general public,<br><br>           Plaintiff,<br><br>v.<br><br>OTAY LAKES BREWERY, LLC,<br><br>           Defendant. | Case No.:  23CV1139-GPC(BLM)<br><br>**ORDER SUA SPONTE DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION WITH LEAVE TO AMEND** |

  Defendant filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) and 9(b) which was fully briefed.  (Dkt. Nos. 5, 9, 10.) However, after a review of the briefing and the complaint, the Court, *sua sponte*, dismisses the complaint for lack of subject matter jurisdiction under Rule 12(b)(1) with leave to amend.

### Background

  On June 20, 2023, Plaintiff Albert Renn ("Plaintiff") filed a purported class action complaint against Defendant Otay Lakes Brewery, LLC ("Defendant") for fraudulently marketing its alcoholic "Nova Kombucha" (the "Product") as "good for you" and

1

promoting "health, balance and goodness." (Dkt. No. 1, Compl. ¶¶ 1 4.) Plaintiff challenges the following two statements on the labels of the Products as being deceptive:

1) Some things in life are good for you, other things in life are fun. They don't meet each other very often, but when they do, life gets pretty brilliant, pretty quickly.
2) Nova Easy Kombucha is one of those rare things where health, balance and goodness get a lot more interesting.

(*Id.* ¶ 12.) He complains that these health and wellness messages are false and misleading because Nova Kombucha contains six to eight percent alcohol by volume and any alcohol consumption harms health by causing cancer and other chronic diseases. (*Id.* ¶¶ 15-28.)

Plaintiff started purchasing various flavors of Nova Kombucha once a month starting around 2022 from local stores such as Vons and Ralphs. (*Id.* ¶ 34.) When he purchased the Product, Plaintiff was looking for a healthy product, and as such, read and relied on the health and wellness representations on the Product. (*Id.* ¶ 35.) As a lay consumer, Plaintiff did not have specialized knowledge about the composition of the Product or the effects of consuming the Product. (*Id.* ¶ 37.) At the time he purchased the Product, Plaintiff was unaware of the extent to which consuming the Product adversely affects health or what amount of Kombucha might have such an effect. (*Id.* ¶ 37.) The health and wellness representations were deceptive because the Product contains alcohol and any consumption of alcohol increases the risk of disease. (*Id.* ¶¶ 15, 36.) Plaintiff claims he would not have purchased or would not have been willing to pay as much for the Product if he knew the labeling claims were false and misleading. (*Id.* ¶ 39.) The Product costs more than similar products without misleading labels and would have cost less absent the false and misleading statements. (*Id.* ¶ 40.)

Plaintiff alleges causes of action under 1) California's Unfair Competition Law, ("UCL"), California Business & Professions Code sections 17200 *et seq.*; 2) California's False Advertising Law, ("FAL"), California Business & Professions Code sections 17500

*et seq*.; 3) California's Consumers Legal Remedies Act ("CLRA"), California Civil Code sections 1750 *et seq*.; 4) California Commercial Code section 2313(1) for breach of express warranties; 5) California Commercial Code section 2314 for breach of the implied warranty of merchantability; and claims for 6) negligent representation; 7) intentional misrepresentation; and 8) unjust enrichment.  (*Id.* ¶¶ 58-123.)

### Discussion

The federal court is one of limited jurisdiction and the burden rests on the party asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  It possesses only that power authorized by the Constitution or a statute.  *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986).  Federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence . . . ."  *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

In its Rule 12(b)(6) motion, Defendant argues that Plaintiff lacks "standing" to pursue any of his claims because he does not sufficiently allege that he purchased any specific flavor of the Products.  (Dkt. No. 5-1 at 14.)  Defendant also asserts that Plaintiff lacks "standing" because he fails to allege that the labels of the fifteen Products, at issue, are substantially similar to those he allegedly purchased.  (*Id.* at 14.)  Plaintiff fails to address Defendant's argument on his failure to allege the specific Products he purchased.  (*See* Dkt. No. 9 at 19-20.)

As a threshold issue, Defendant does not articulate whether Plaintiff lacks Article III standing which must be raised under Rule 12(b)(1), or statutory standing which must be brought under Rule 12(b)(6).  *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  Notwithstanding Defendant's failure to assert Article III standing under Rule 12(b)(1), courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party."  *Arbaugh v. Y&H*

*Corp.*, 546 U.S. 500, 514 (2006).  Thus, after the Court's review, it concludes under Rule 12(b)(1), it lacks subject matter jurisdiction, and as such, *sua sponte*, dismisses the complaint.

**A.    Article III Standing - Plaintiff**

Rule 12(b)(1) permits challenges to a court's subject matter jurisdiction and includes a challenge for lack of Article III standing.  *See Chandler v. State Farm Mut. Auto. Inc. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  Article III, Section 2 the United States Constitution requires that a plaintiff have standing to bring a claim.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Article III standing requires that a plaintiff show that he has (1) "suffered an injury in fact" that is "concrete and particularized" and "actual or imminent" (2) "that is fairly traceable to the challenged conduct of the defendant," and (3) "that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-39 (2016) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)).  The plaintiff has the burden to allege Article III standing.  *See Lujan*, 504 U.S. at 561.  A "quintessential injury-in-fact" occurs when the "plaintiffs spent money that, absent defendants' actions, they would not have spent."  *Maya,* 658 F.3d at 1069.  Additionally, if plaintiffs "state that they would not have purchased [a product] had there been proper disclosure" of relevant facts, that is sufficient to plead causation.  *Id.* at 1070.

Here, Plaintiff does not allege which Products he purchased but generally avers that he purchased "an assortment of flavors of the Nova Kombucha."  (Dkt. No. 1, Compl. ¶ 34.)  Moreover, he asserts that Defendant sells about fifteen flavors of the Product, in single cans and/or multipacks.  (*Id.* ¶ 1 n.1.)  By failing to allege which Products injured him, Plaintiff has not sufficiently alleged standing to pursue all claims[1] against Defendant.  Accordingly, the Court, *sua sponte*, dismisses the complaint for lack

---

[1] All causes of action are based on the labels of the Products.

of subject matter jurisdiction.  *See Contreras v. Johnson & Johnson Consumer Cos., Inc*., No. CV 12–7099–GW (SHx), 2012 WL 12096581, at \*2 (C.D. Cal. Nov. 29, 2012) (complaint dismissed for all products for lack of injury-in-fact except the one product the plaintiff purchased) (citing *Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001) (plaintiff lacked Article III standing for lack of injury because he did not buy the policy at issue)); *Sud v. Costco Wholesale Corp*., 229 F. Supp. 3d 1075, 1081-82 (N.D. Cal. 2017) (granting motion to dismiss UCL claim for lack of Article III standing for failing to allege purchase of the prawns at issue).

**B.   Article III Standing - Substantially Similar Products**

To the extent Plaintiff amends the complaint and identifies which Products he purchased, the next question is whether Plaintiff has Article III standing in this class action for Products he did not purchase.  Absent controlling authority, the prevailing view among district courts in the Ninth Circuit, is to allow class action plaintiffs to have constitutional and statutory standing to bring claims for products they did not purchase "so long as the products and alleged misrepresentations are substantially similar."  *Miller v. Ghirardelli Chocolate Co*., 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012); *see also Brown v. Hain Celestial Grp., Inc*., 913 F. Supp. 2d 881, 890 (N.D. Cal. 2012); *Werdebaugh v. Blue Diamond Growers*, Case No.: 12–CV–02724–LHK, 2013 WL 5487236, at \*13 (N.D. Cal. Oct. 2, 2013) ("prevailing view within this district (and elsewhere in the Ninth Circuit), which holds that a plaintiff may  . . . have constitutional and statutory standing to assert claims based on misrepresentations appearing on products he did not purchase" . . . "as long as the products and claims at issue are 'substantially similar'").

Here, the complaint does not allege uniformity in the labeling of the Products or that the Products' labels are substantially similar.  (*See* Dkt. No. 1, Compl.)  In addition, Plaintiff's opposition brief appears to concede that there are differences in the labels of the Products.  (*See* Dkt. No. 9 at 20 ("the Products bear health and wellness representations, including 'Nova Easy Kombucha is one of those rare things where health, balance and goodness get a lot more interesting,' *id.* ¶ 12(b), *with certain flavors*

*additionally stating*: "Some things in life are good for you, other things in life are fun. They don't meet each other very often, but when they do, life gets pretty brilliant, pretty quickly,' *id.* ¶ 12(a).") (emphasis added)).  Therefore, the complaint has failed to allege that all labels of the 15 flavors are substantially similar, and the Court lacks subject matter jurisdiction over the flavors and sizes that Plaintiff did not purchase.

**C.    Article III Standing - Injunctive Relief**

While the Court lacks subject matter jurisdiction over all claims in the complaint, the Court also addresses Defendant's argument that Plaintiff does not have Article III standing to pursue injunctive relief because he cannot establish a likelihood of future harm because he now knows the Products contain alcohol and the potential harm in consuming alcohol.  (Dkt. No. 5-1 at 16-17.)  Plaintiff responds that he has sufficiently alleged future harm based on his desire to purchase the Products in the future.  (Dkt. No. 9 at 24-26.)

To have standing to seek injunctive relief under Article III, a plaintiff must "demonstrate a real and immediate threat of repeated injury in the future."  *Chapman v. Pier 1 Imports (U.S.) Inc*., 631 F.3d 939, 946 (9th Cir. 2011) (quotation omitted).  "Once a plaintiff has been wronged, he is entitled to injunctive relief only if he can show that he will face a 'real or immediate threat . . . that he will again be wronged in a similar way.'" *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (quotation omitted).  In the context of false advertising cases, the Ninth Circuit has held "that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm."  *Davidson v. Kimberly-Clark Corp*., 889 F.3d 956, 969 (9th Cir. 2018).  A plaintiff may establish the risk of future harm in two ways: (1) "the consumer's plausible allegations that [he] will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although [he] would like to"; or (2) "the consumer's plausible allegations that

23CV1139-GPC(BLM)

[he] might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as [he] may reasonably, but incorrectly, assume the product was improved." *Id.* at 969-70. In *Davidson*, the Ninth Circuit specifically noted that the plaintiff adequately pleaded she would face a similar harm in the future because of her "inability to rely on the validity of the information advertised on Kimberly-Clark's wipes despite her desire to purchase truly flushable wipes" because she had "no way of determining whether the representation 'flushable' is in fact true." *Davidson*, 889 F.3d at 971-72.

Since *Davidson*, district courts have distinguished between representations on a label that can be verified by reading the product label with representations that cannot be verified to determine whether the plaintiff will be subject to repeated injury. *See Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1127-28 (S.D. Cal. 2021) (granting dismissal of injunctive relief for lack of standing because even though the plaintiffs complained about marketing language on the product's packaging, of "no preservatives", "free of artificial additives," "healthy," and "protein-packed", the plaintiff can check the nutrition facts or ingredient labeling to assess if the products still contain preservatives, artificial additives, unhealthy levels of fat, cholesterol, sugar, and vitamins, or insufficient protein but denying dismissal of injunctive relief for "non-GMO" label because the plaintiff is unable to make that determination based on the serving size, net weight, nutrition facts or ingredient list); *Nacarino v. KSF Acquisition Corp.,* 642 F. Supp. 3d 1074 (N.D. Cal. 2022) (granting dismissal of injunctive relief for lack of standing because the plaintiff could "evaluate product claims and make appropriate purchasing decisions" as to the Product, and, consequently, injunctive relief "would serve no meaningful purpose."); *Jackson v. General Mills, Inc.*, Case No.: 18cv2634-LAB (BGS), 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020) (holding plaintiff allegedly deceived by cereal box slack-fill lacked standing to seek injunctive relief "given that she now kn[ew] she [could] ascertain the amount of cereal she is buying by looking at the label"); *Fernandez v. Atkins Nutritionals, Inc*., Case No. 17-CV-1628 GPC-WVG, 2018 WL

280028, at *15 (S.D. Cal. Jan. 3, 2018) (holding plaintiff allegedly deceived by "net carbs" representation on product packaging lacked standing to seek injunctive relief; noting plaintiff "now kn[ew] how [defendant] goes about calculating its net carbs claims, and she [would] not be misled next time"); *cf. Marek v. Molson Coors Beverage Co*., 580 F. Supp. 3d 848, 863 (N.D. Cal. 2022) (plaintiffs sufficiently alleged standing for injunctive relief by asserting that they might purchase the "defendants' products in the future (if they are either reformulated to remove the nutrients and labeled without the unlawful and misleading nutrient claims) or might purchase but pay less for the products"); *Starratt v. Fermented Sciences*, Case No. 22-cv-03895-HSG, 2023 WL 359500, at *2 (N.D. Cal. Jan. 23, 2023) (denying motion to dismiss for lack of Article III standing for injunctive relief where the plaintiffs alleged "desire to purchase alcohol products again, including those marketed and sold by Defendants"; and "would likely purchase [Defendant's] Products again in the future" if those Products "were reformulated to remove the nutrients, and labeled without the unlawful nutrient claims"; and that they "regularly visit[ ] stores where the Products and other hard seltzers are sold.").

Here, the complaint alleges that Plaintiff "still wishes to purchase healthy beverages and continues to see the Products at stores when he shops.  He would purchase the Products in the future if the challenged claims were true, but unless OLB is enjoined in the manner Mr. Renn seeks, he may not be able to rely on OLB's health and wellness claims in the future."  (Dkt. No. 1, Compl. ¶ 46.)  Unlike the plaintiff in *Davidson*, Plaintiff can ascertain whether Defendant's representations are true by reading the General Surgeon's warning as well as the alcohol content volume on the front label, (*see* Dkt. No. 1, Compl. ¶ 13 (pictures of labels), and is not forced to rely on the accuracy of the "good for you" and "health, balance and goodness" labels.  Also, unlike the plaintiffs in *Marek* and *Starratt*, Plaintiff does not allege that he might buy the Products in the future if they are reformulated.  As such, Plaintiff cannot plausibly allege he will be subject to future harm. Accordingly, the Court also concludes that Plaintiff has failed to allege Article III standing for injunctive relief.

Because Plaintiff may be able to demonstrate subject matter jurisdiction, the Court grants him leave to amend.   See *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992) ("leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency'") (citation omitted).

### Conclusion

Based on the reasoning above, the Court, *sua sponte*, dismisses the complaint for lack of subject matter jurisdiction with leave to amend.  Because the complaint has been dismissed for lack of subject matter jurisdiction, Defendant's motion to dismiss is denied as moot, (Dkt. No. 5).  Plaintiff shall file an amended complaint within 21 days of the date of this Order.  The hearing date of September 22, 2023 shall be **vacated**.

IT IS SO ORDERED.

Dated:  September 14, 2023

Hon. Gonzalo P. Curiel
United States District Judge

23CV1139-GPC(BLM)