UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT RENN, on behalf of himself, all others similarly situated, and the general public,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OTAY LAKES BREWERY, LLC,<br><br>　　　　　　　　　　　Defendant. | Case No.: 23CV1139-GPC(BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>**[DKT. NO. 24.]** |

Before the Court is Plaintiff's motion to strike affirmative defenses. (Dkt. No. 24.) An opposition was filed on April 19, 2024, and a reply was filed on April 26, 2024. (Dkt. Nos. 26, 27.) After a review of the briefs, the answer, and the applicable law, the Court DENIES Plaintiff's motion to strike Defendant's affirmative defenses.

## Background

On September 28, 2023, Plaintiff Albert Renn ("Plaintiff") filed a purported first amended class action complaint ("FAC") alleging Defendant Otay Lakes Brewery, LLC's ("Defendant") labeling of Nova Kombucha as "good for you" and promoting "health, balance and goodness" are false and misleading because it contains 6-8% alcohol by volume and consuming alcohol causes a wide variety of short and long term health

1

risks and problems.[1]  (Dkt. No. 12, FAC.)  On January 29, 2014, the Court granted in part and denied in part Defendant's motion to dismiss with leave to amend.  (Dkt. No. 20.)  On February 16, 2024, Plaintiff filed a notice of intent not amend the FAC.  (Dkt. No. 22.)  On March 1, 2024, Defendant filed an answer as well as its affirmative defenses.  (Dkt. No. 23.)  On March 22, 2024, Plaintiff filed a motion to strike certain affirmative defenses.  (Dkt. No. 24.)  Defendant opposed and Plaintiff replied.  (Dkt. Nos. 26, 27.)

## Discussion

### A.     Legal Standard on Federal Rule of Civil Procedure 12(f)

Under Federal Rule of Civil Procedure ("Rule")12(f), the Court may, by motion or on its own initiative, strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matter from the pleadings.  Fed. R. Civ. P. 12(f).  The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial."  *Whittlestone, Inc. v. Handi–Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994)).

"Affirmative defenses are allegations unrelated to the plaintiff's prima facie case that deny the plaintiff's right to relief, even if all allegations in the complaint are true."  *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 471 (S.D. Cal. 2013) (citing *F.D.I.C. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987)).  "[D]enials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses."  *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10–CV–00168, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010).

The Court must view the pleading in the light more favorable to the pleader when ruling upon a motion to strike.  *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955,

---

[1] The original complaint was filed on June 20, 2023.  (Dkt. No. 1, Compl.)

965 (C.D. Cal. 2000) (citing *California v. United States*, 512 F. Supp. 36, 39 (N.D. Cal. 1981)).  "Courts often regard motions to strike with disfavor, since such motions are frequently used as stalling tactics and since pleadings are of limited importance in federal practice."  *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. Apr. 19, 2004) (citation omitted).  Therefore, a motion to strike "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation."  *Id.*  "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief."  *Guerrero v. Halliburton Energy Servs., Inc.*, 231 F. Supp. 3d 797, 802 (E.D. Cal. 2017) (citation omitted); *see also In re Honest Co., Inc. Secs. Litig*, 343 F.R.D. 147, 151 (C.D. Cal. 2022) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. Apr. 2022) ("[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party."); *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005) ("courts often require 'a showing of prejudice by the moving party' before granting the requested relief.").  As such, a motion to strike "should only be granted if the matter has no logical connection to the controversy at issue *and* may prejudice one or more of the parties to the suit."  *New York City Employees Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (emphasis in original) (citing *Rivers v. Cnty. of Marin*, No. C 05-4251, 2006 WL 581096, at *2 (N.D. Cal. Mar. 6, 2006) (citing Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (1990)).

If a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party.  *Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 440 (C.D. Cal. 2013) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979)).

In the Ninth Circuit, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cnty., Ariz.,* 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak*, 607 F.2d at

827))). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013). "It does not, however, require a detailed statement of facts." *Id.* "What constitutes fair notice depends on the particular defense in question." *Vistan Corp. v. Fadei USA, Inc.*, No. C–10–4862 JCS, 2011 WL 1544796, at * 7 (N.D. Cal. Apr. 25, 2011) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381, at 410 (3d ed. 2004)).

### 1. First and Second Affirmative Defenses as Negative Defenses

Plaintiff moves to strike the First Affirmative Defense for failure to state a claim and Second Affirmative Defense that Defendant's "practices were not unlawful as it complied with all applicable statutes and regulations." (Dkt. No. 24 at 7-8, 10.) In response, Defendant does not challenge Plaintiff's arguments; instead, it contends that both affirmative defenses should not be stricken but construed as denials. (Dkt. No. 26 at 4.)

"A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (negating an element of a cause of action is not an affirmative defense); *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the plaintiff's] prima facie case."). This Court has previously ruled that where a defendant pleads a denial as an affirmative defense, it should treat it as a specific denial and not grounds for striking it. *Sundby v Marquee Funding Grp., Inc.*, Case No.:19cv390-GPC(AHG), 2019 WL 5963907, at *3 (S.D. Cal. 2019); *see also Kohler*, 291 F.R.D. at 469 (mislabeling is not grounds for striking); *Arthur v. Constellation Brands, Inc.*, Case No. 16-cv-04680-RS, 2016 WL 6248905, at *4 (N.D. Cal. Oct. 26, 2016) ("parsing negative from affirmative defenses is unnecessary because [plaintiff] has made no showing that he will suffer prejudice if these defenses are not stricken or that striking them will avoid litigation of spurious issues"). Here, because denials are

permitted by Rule 8(b),[2] simply mislabeling them as affirmative defenses is not a basis to strike them.

### 2. Reservation of Further Affirmative Defenses

Plaintiff also seeks to strike the reservation of further affirmative defenses asserted in the Twenty-First, Twenty-Third, and Thirty-Second Affirmative Defenses as immaterial. (Dkt. No. 24 at 8-9.) Defendant responds that the Court may simply deny the motion because Plaintiff has not shown any prejudice. (Dkt. No. 26 at 3 n.1.)

A "'reservation of affirmative defenses' is not an affirmative defense." *E.E.O.C. v. Timeless Investments, Inc.*, 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010). Under Rule 15, a defendant may file a motion seeking leave to amend its answer to assert additional affirmative defenses. *See* Fed. R. Civ. P. 15; *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 493 (S.D. Cal. 2013) (citing *U.S. v. Global Mortg. Funding, Inc.*, No. SACV 07–1275 DOC (PJWx), 2008 WL 5264986, at *5 (C.D. Cal. 2008) ("[I]f a Defendant seeks to add affirmative defenses, it must comply with the procedure set out in Federal Rule of Civil Procedure 15.")); *Timeless Invs., Inc.*, 734 F. Supp. 2d at 1055 ("Rule 15 does not require a defendant to "expressly reserve" unnamed affirmative defenses in its answer.")). "Limitations on the time or ability to file affirmative defenses cannot be avoided by "reserving one's rights' in an answer . . .[and its] attempt to reserve [its] rights to do so is a legal nullity." *Global Mortg. Funding, Inc.*, 2008 WL 5264986, at *5.

Despite the lack of legal effect of a reservation of further affirmative defenses, Plaintiff has not shown the inclusionof these "affirmative defenses" will cause him to expend time and money on litigating spurious issues. *See Harris v. Chipotle Mexican Grill, Inc.,* 303 F.R.D. 625, 629-30 (E.D. Cal. 2014) (denying motion to strike reservation of rights because plaintiffs failed to show prejudice); *see also Bagramian v. Legal*

---

[2] "In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1).

*Recovery Law Offices*, No. CV 12-1512-CAS MRWx, 2013 WL 1688317, at *2 (C.D. Cal. Apr. 16, 2013) ("The Court concludes that plaintiff's motion to strike should be denied, as plaintiff's motion does nothing to streamline the litigation of this action or eliminate spurious issues from consideration."). Accordingly, the Court DENIES Plaintiff's motion to strike the Twenty-First, Twenty-Third, and Thirty-Second affirmatives defenses.

### 3. "Fair Notice" of Affirmative Defenses

Finally, Plaintiff argues the Fourth (laches and unclean hands); Eighth (failure to mitigate his damages, if any); Ninth (failure to provide adequate notice); Twentieth (waiver and exhaustion); Twenty-Eighth (statute of limitations); and Twenty-Ninth (preemption) affirmative defenses are barebone allegations and fail to provide him with "fair notice" of these defenses. (Dkt. No. 24 at 10-13.) Defendant maintains it has properly plead these well-established defenses that will be readily understood by the parties and certain affirmative defenses must be plead under Rule 8(c)(1). (Dkt. No. 26 at 4-5.)

Courts have held that certain well-established defenses, whose application is self-explanatory, may be asserted in a general manner. *See Storz Mgmt. Co. v. Carey*, No. 2:18-cv-00068-TLN-DB, 2022 WL 2181661, at *3 (E.D. Cal. June 16, 2022) (denying motion to strike unclean hands, estoppel, waiver, and/or laches, laches and consent as well established and also those explicitly listed in Rule 8(c)(1)); *Pocketbook Int'l SA v. Domain Admin/Sitetools, Inc.,* Case No. CV 20-8708-DMG (PDx), 2021 WL 6103078, at *5 (C.D. Cal. Oct. 19, 2021) (denying motion to strike affirmative defense of "failure to police, laches, waiver, consent/ratification/acquiescence, unclean hands, failure to mitigate damages, good faith, and innocent intent" because no prejudice was shown by the plaintiff); *Springer v. Fair Isaac Corp.*, No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at *4 (E.D. Cal. Nov. 16, 2015) (denying a motion to strike affirmative defenses of estoppel, waiver, laches, and unclean hands even though they contained no factual support and were alleged in general terms); *Diaz v. Alternative Recovery Mgmt.*,

No. 12–CV–1742–MMA (BGS), 2013 WL 1942198, * 2 (S.D. Cal. May 8, 2013) (some of the defenses asserted preserve the defendant's ability to invoke them later in the case, as failing to assert them in the answer constitutes waiver."); *Pac. Dental Servs., LLC v. Homeland Ins. Co. of New York,* No. SACV 13–749–JST (JPRx), 2013 WL 3776337, at *3 (C.D. Cal. July 17, 2013) (boilerplate language of waiver, estoppel, and unclean hands provided fair notice as they were standard affirmative defenses that were appropriate at the outset of a case).

Moreover, Rule 8(c) requires a party to "affirmatively state any . . . affirmative defense" such as laches, statute of limitations, and waiver in response to a pleading, Fed. R. Civ. P. 8(c), and "an affirmative defense that is not asserted in an answer to the complaint is waived or forfeited by the defendant." *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 714 (9th Cir. 2020) (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008)).

District courts have also recognized that "[a]ny lack of factual detail in these defenses may be remedied through the formal discovery process, as is done in the vast majority of cases." *Diaz,* 2013 WL 1942198, at *2; *J&J Sports Prods., Inc. v. Vargas*, No. CV 11-2229-PHX-JAT, 2012 WL 2919681, at *2 (D. Ariz. July 17, 2012) ("Rather, any further inquiries the Plaintiff wishes to make into the specific nature of any of these affirmative defenses can be handled through routine discovery practices with minimal effort or expense.").

Applying the standard set forth above, the Court concludes the certain affirmative defenses are well established, such as laches and clean hands, failure to mitigate, and waiver.  Further, Defendant's remaining affirmative defenses are adequately pled to provide fair notice, Plaintiff has not shown that any of them have no possible bearing on the issues in the case and has not specifically identified any prejudice arising from their inclusion in Defendant's answer such as requiring it to incur additional time or expend additional money to defend the case.  Ultimately, Plaintiff can seek the factual bases of the affirmative defense during discovery.  Therefore, the Court DENIES Plaintiff's

motion to strike the Fourth, Eighth, Ninth, Twentieth, Twenty-Eighth and Twenty-Ninth affirmative defenses.

## Conclusion

Based on the above, the Court DENIES Plaintiff's motion to strike affirmative defenses. The hearing date on May 17, 2024 shall be **vacated**.

IT IS SO ORDERED.

Dated: May 10, 2024

Hon. Gonzalo P. Curiel
United States District Judge