UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT RENN,<br><br>          Plaintiff,<br><br>v.<br><br>OTAY LAKES BREWERY, LLC,<br><br>          Defendant. | Case No.: 23CV1139-GPC (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSE TO PRODUCTION OF DOCUMENTS**<br><br>**[ECF No. 37]** |

Currently before the Court is Plaintiff's Motion to Compel Further Responses to Request for Production of Documents, Numbers 4 and 5 ("MTC") [ECF No. 37] and Defendant's Opposition ("Oppo.") [ECF No. 38]. For the reasons set forth below, Plaintiffs' motion is **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

This case was initiated on June 20, 2023 when Plaintiff Albert Renn ("Plaintiff") filed a purported class action complaint alleging deceptive and fraudulent marketing on the part of Defendant Otay Lakes Brewery LLC ("Defendant") for its alcoholic beverage "Nova Kombucha" ("Product"). ECF No. 1. On September 14, 2023, District Judge Gonzalo Curiel sua sponte dismissed Plaintiff's complaint for lack of subject matter jurisdiction with leave to amend and

1

1  denied Defendant's motion to dismiss as moot.  ECF No. 11.  On September 28, 2023, Plaintiff
2  filed his First Amended Complaint ("FAC").  ECF No. 12.  In the FAC, Plaintiff alleges that the
3  Defendant's labelling of the Product as "good for you" and "promoting 'health, balance and
4  goodness'" are "false and misleading" as they "contain 6-8% alcohol by volume and consuming
5  alcohol causes a wide variety of health risks and problems."  Id. at ¶¶ 1, 3.  Plaintiff also alleges
6  that Defendant advertised the Product on billboards around San Diego with the phrase "Your
7  Happy Healthy Hour" and this billboard artwork is also displayed on Defendant's Facebook page,
8  as well as the "LinkedIn page of Tiago Carneiro," one of Defendant's founders.  Id. at ¶¶ 17-18.
9  On March 1, 2024, Defendant answered Plaintiff's FAC.  ECF No. 23.

## RELEVANT DISCOVERY BACKGROUND

On May 14, 2024, Plaintiff served Defendant with a First Set of Request for Production of Documents ("RFP").  See ECF No. 37-1, Declaration of Trevor Flynn in Support of Plaintiff's Motion to Compel Further Responses to Request for Production of Documents ("Flynn Decl.) at ¶ 2.  Defendant served its response, after receiving an extension of time from Plaintiff, on July 5, 2024.  Id.  Defendant did not produce any documents responsive to request numbers 4 and 5 but instead objected to these requests.  Id.  On July 18, 2024, plaintiff's counsel emailed defense counsel regarding the deficiencies in Defendant's objections and responses to Plaintiff's RFP.  Id. at ¶ 3.  On July 29, 2024, the parties participated in a telephonic meet and confer to discuss Defendant's responses.  Id.  While the parties were able to resolve some of their disputes, RFP Nos. 4 and 5 remain at issue.  Id. at ¶ 4.

On August 7, 2024, counsel for Plaintiff and Defendant jointly contacted the Court regarding a discovery dispute.  Id.  In regard to the dispute, the Court issued a briefing schedule, and the parties timely filed the motion to compel and opposition.  Id.; see also MTC and Oppo.

## LEGAL STANDARD

The scope of discovery under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") is defined as follows:

2

23CV1139-GPC (BLM)

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Typically, the relevance standard is broad in scope and "encompass[es] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in a case." Doherty v. Comenity Capital Bank, 2017 WL 1885677, at *2 (S.D. Cal. May 9, 2017).  Relevance, however, is not without limits.  Id.  The 2015 amendment to Rule 26(b) removed the phrase "reasonably calculated to lead to the discovery of admissible evidence" because it was often misconstrued to define the scope of discovery.  Fed. R. Civ. P. 26(b)(1) advisory committee's notes (2015 amendment).  Instead, to fall within the scope of discovery, the information must also be "proportional to the needs of the case," requiring lawyers to "size and shape their discovery requests to the requisites of a case" while "eliminat[ing] unnecessary or wasteful discovery."  Fed. Civ. R. P. 26(b)(1); Cancino Castellar v. McAleenan, 2020 WL 1332485, at *4 (S.D. Cal Mar. 23, 2020) (quoting Roberts v. Clark Cty. Sch. Dist., 312 F.R.D. 594, 603 (D. Nev. 2016)).

District courts have broad discretion to determine relevancy for discovery purposes. D.M. v. County of Merced, 2022 WL 229865, at * 2 (E.D. Cal. Jan. 26, 2022) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) and Surfvivor Media v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005)).  District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").  Further, "[w]hen analyzing the proportionality of a party's discovery requests, a court should consider the importance of the issues at stake in

the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Cancino, 2020 WL 1332485, at *4 (citing Fed. R. Civ. P. 26(b)(1)).

Fed. Civ. R. P. 34 provides that a party may serve on another request for production of documents, electronically stored information, or tangible things within the scope of Fed. Civ. R. P. 26(b). Fed. R. Civ. P. 34(a). Where a party fails to produce documents requested under Rule 34, the party propounding the request for production of documents may move to compel discovery. See Fed. R. Civ. P. 37(a). "The party seeking to compel discovery has the burden of establishing that its requests satisfy the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining, or supporting its objections." Williams v. County of San Diego, 2019 WL 2330227, at *3 (citing Bryant v. Ochoa, No. 7cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal quotations omitted).

## DISCUSSION

Plaintiff seeks an order from the Court compelling Defendant to produce documents in response to RFP Nos. 4 and 5. See generally MTC.

RFP Nos. 4 and 5 and Defendant's responses are as follows:

**REQUEST FOR PRODUCTION NO. 4**: Exemplars of non-label ADVERTISEMENTS of the PRODUCTS.

**RESPONSE**: Defendant incorporates its general objections as if fully set forth in this Response. To the extent that Plaintiff's Request seeks documents outside the applicable statute of limitations or that involve non-label ADVERTISEMENTS of the PRODUCTS, such documents are not relevant to any claim or defense and will not lead to any information that is relevant to any claim or defense asserted in this case, which solely relate to Defendant's label on certain Nova Easy Kombucha flavors with: "Nova Easy Kombucha is one of those rare things where health, balance and goodness get a lot more interesting," and "Some things in life are good for you, other things in life are fun. They don't meet each other very often, but when they do, life gets pretty brilliant, pretty quickly." The Request is, therefore, unduly burdensome and not proportionate to the needs of the case. Accordingly, Defendant will not search for or produce any documents that are responsive solely to this Request.

> **REQUEST FOR PRODUCTION NO. 5**: DOCUMENTS sufficient to show all billboards that depict the PRODUCTS, which are currently or have ever been visible to the public.
>
> **RESPONSE**: Defendant incorporates its general objections as if fully set forth in this Response. Defendant further objects to the vague, undefined, and imponderable reference to DOCUMENTS "sufficient to show" certain billboards. To the extent that Plaintiff's Request seeks documents outside the applicable statute of limitations or that involve non-label ADVERTISEMENTS of the PRODUCTS, such documents are not relevant to any claim or defense and will not lead to any information that is relevant to any claim or defense asserted in this case, which solely relate to Defendant's label on certain Nova Easy Kombucha flavors with: "Nova Easy Kombucha is one of those rare things where health, balance and goodness get a lot more interesting," and "Some things in life are good for you, other things in life are fun. They don't meet each other very often, but when they do, life gets pretty brilliant pretty quickly." The Request is, therefore, unduly burdensome and not proportionate to the needs of the case. Accordingly, Defendant will not search for or produce any documents that are responsive solely to this Request.

MTC at 2-3.

Plaintiff argues that the non-label advertisements are relevant to show the "materiality of the challenged label claims." MTC at 4 (citing Barber v. Johnson & Johnson Co., 3:16cv1954-JLS-JSG, 2017 WL 2903255, at * 9 (C.D. Cal. Apr. 4, 2017). In Barber, the defendant moved to strike the plaintiffs' allegations regarding "non-label statements" in their amended complaint, which alleged false advertising of a product, on the ground that "these unseen non-label statements played no role in Plaintiffs' alleged injuries." Id. In denying the defendants' motion to strike the non-label allegations, the court found that even if the plaintiff was unaware of the non-label statements, they would still be relevant to the plaintiffs' claim "for purposes of establishing materiality at class certification or proving the elements for punitive damages." Id.

In this matter, Plaintiff specifically included allegations relating to the billboards used to promote the Product and their inclusion of these billboards in the Defendant's social media pages, along with photos of the billboard, in his FAC and these were specifically cited by District Judge Curiel in his order partially denying Defendant's motion to dismiss. MTC at 4 (citing Order on Motion to Dismiss FAC, ECF No. 20, "Defendant advertises the Products on billboards around San Diego with the phrase 'Your Happy Healthy Hour" and the "[t]he billboard artwork is also

1    displayed on the LinkedIn page of Tiago Carneiro, a founder of [Defendant].")

2    In response, Defendant, rather than distinguish Barber or argue that the findings in
3    Barber are inapplicable to the case before this Court, states that Plaintiff "misquotes" Barber.
4    Oppo. at 4.  This is correct but Plaintiff did not misstate the findings in Barber.  The quote that
5    Plaintiff attributes to Barber in his moving papers is a parenthetical found in Becerra v. Dr.
6    Pepper/Seven Up Inc, 2:17cv5921-WQH, 2018 WL 3995832, at *5 (N.D. Cal. 2018) (citing
7    Barber, 2017 WL 2903255, at *9.)  The quote is in the parenthetical to the citation of Barber
8    which states that Barber found "advertisements not personally relied upon are still relevant for
9    class certification or punitive damages." Id.  This is the same issue before this Court.  The non-
10   label advertising Plaintiff is requesting relates to the use of the term "healthy" in advertising the
11   product which is also part of the claim relating to the labelling of the product and the use of the
12   word "healthy."  Defendant does not address how Barber is, or is not, applicable to the discovery
13   sought in this matter.  Defendant repeatedly argues that the discovery sought is "unrelated
14   advertising and billboards" but offers no legal or factual basis to dispute the relevancy of this
15   advertising. Defendant contends that the "crux" of Plaintiff's FAC is the specific reliance on the
16   two labels at issue. Oppo. at 4.   However, as Judge Curiel's Order states, Plaintiff's FAC alleges
17   "deceptive and fraudulent marketing" of the product itself which does not limit the relevancy of
18   the discovery only to the labels. ECF No. 20 at 1.  Plaintiff is seeking discovery for non-label
19   discovery that makes similar claims in the labelling of the Product that is the focus on of this
20   action.  The Court finds that the discovery Plaintiff is seeking in RFP Nos. 4 and 5 is relevant to
21   the claims that are brought in this action.

22   Defendant also argues in their challenge to the relevancy of this discovery, that Plaintiff
23   has failed to "address the purported relevance of any information pre-dating June 20, 2019.
24   Oppo. at 4.  Plaintiff did not address this timeframe in his motion.  Defendant objected to the
25   relevancy of Plaintiff's discovery request, in part, on the ground that Plaintiff sought "documents
26   outside the applicable statute of limitations" which are "not relevant to any claim or defense."
27   MTC at 2-3.  Plaintiff filed this action on June 20, 2023.  ECF No. 1.
28   / / /

The longest applicable statute of limitations period in this matter is four years under California's Unfair Competition Law. CAL. BUS. & PROF. CODE § 17208 ("Any action to enforce any cause of action pursuant to [the UCL] shall be commenced within four years after the cause of action accrued."). However, "[t]he statute of limitations is not a rigid barrier separating discoverable information from information outside the scope of discovery." Gottesman v. Santana, No. 3:16cv2902 JLS (JLB), 2017 WL 5889765, at *5 (S.D. Cal. Nov. 29, 2017). Defendant cites to no authority that the statute of limitations "provides a definitive boundary for discoverable information." Id. Accordingly, the Court finds that extending this time frame an additional year to June 19, 2018 would be relevant to Plaintiff's claims and not unduly burdensome to Defendant.

Finally, Defendant contends that the "Court must balance the relevancy of the discovery Plaintiff seeks against the burden its production would impose on Defendant." Oppo. at 6. Defendant contends that the requests by Plaintiff "will cause undue burden." Id. However, Defendant has provided no information to substantiate their claim of undue burden. Defendant must provide sufficient detail regarding the time, money, and procedures required to produce these documents. Shaw v. Experian Info. Sols., Inc., 306 F.R.D. 293, 301 (S.D. Cal. 2015). Unsupported, conclusory statements regarding expense and burden are not sufficient to illustrate why requested discovery is not proportional. Gold v. Kaplan, No. 2:21cv03204-FLA-JDE, 2021 WL 6618643, at *5 (C.D. Cal. Dec. 2, 2021) (citing Sung Gon Kang v. Credit Bureau Connection, Inc., 2020 WL 1689708, at *5 (E.D. Cal. Apr. 7, 2020)). There is no such showing in Defendant's response to Plaintiff's motion to compel and thus, Defendant has not satisfied its burden of proving that a response would be unduly burdensome.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## CONCLUSION

Plaintiff's motion to compel responses to RFP Nos. 4 and 5 is **GRANTED**. Defendant must serve Plaintiff with responses to RFP Nos. 4 and 5 by **September 19, 2024**. The Court modifies Plaintiff's requests to limit the timeframe of the requested discovery from June 19, 2018 to the date the initial requests were served on Defendant.

**IT IS SO ORDERED**.

Dated: 9/5/2024

Hon. Barbara L. Major
United States Magistrate Judge