UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT RENN, on behalf of himself, all others similarly situated, and the general public,<br><br>                              Plaintiffs,<br><br>v.<br><br>OTAY LAKES BREWERY, LLC,<br><br>                              Defendant. | Case No.: 23cv1139-GPC(BLM)<br><br>**ORDER GRANTING IN PART DEFENDANT'S EX PARTE APPLICATION TO CONTINUE MOTION HEARING ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND RELATED BRIEFING SCHEDULE** |

        On April 14, 2025, Defendant Otay Lakes Brewery, LLC ("Defendant") filed an ex parte application to continue the hearing date on Plaintiff's motion for class certification and related briefing schedule. (Dkt. No. 62.) Plaintiff Albert Renn ("Plaintiff") filed a response on April 15, 2025. (Dkt. No. 65.) Based on the reasoning below, the Court GRANTS in part Defendant's ex parte application.

### Discussion

        Federal Rule of Civil Procedure 16(b)(4) "provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.

6 (9th Cir. 2007) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In *Johnson*, the Ninth Circuit explained,

> Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification . . . If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal citations and quotation marks omitted). The district court has discretion in determining whether the Rule 16(b) good cause standard has been met. *See id.* at 607.

Plaintiff filed his motion for class certification on March 3, 2025. (Dkt. No. 43.) Based on the scheduling order, Defendant's opposition is due on April 18, 2025. (Dkt. No. 44.) On April 14, 2025, four days prior to its opposition deadline, Defendant filed the instant ex parte application to extend the briefing schedule and the hearing date of June 6, 2025 for the motion for class certification.

Defendant argues that it needs discovery in order to oppose the motion for class certification and articulates two discovery issues. First, Defendant claims it has not been able to depose Plaintiff because Plaintiff's counsel failed to provide additional earlier dates for Plaintiff's deposition. (Dkt. No. 62 at 7, 11.[1]) Second, Defendant contends that it diligently sought documents to oppose Plaintiff's expert declarations by seeking consumer data from Jimbos, Barons and Whole Foods, but Plaintiff "refused to produce such records absent approval by Whole Foods citing the protective order in this matter." (*Id.* at 11-12; Dkt. No. 66, Hernandez Decl. ¶ 4.) Further, Defendant complains it was impeded in conducting discovery due to Plaintiff's filing of a motion to compel discovery on March 21, 2025, which was intended to prevent it from preparing its opposition.

---

[1] Page numbers are based on the CM/ECF pagination.

1  Finally, defense counsel stated she was scheduled to start trial in another matter on March
2  7, 2025 and another trial on April 1, 20-25 which lasted a week.  (*Id.* ¶ 3.)
3      In response, Plaintiff argues that Defendant has failed to demonstrate due diligence
4  because since discovery opened on May 14, 2024, Defendant has not served a single
5  written discovery request on Plaintiff nor issued any subpoenas to any third parties.
6  Additionally, Defendant has been aware of the motion for class certification since March
7  3, 2025 yet waited until four days prior to the opposition deadline to file the ex parte
8  application.  Moreover, Defendant was aware in October 2024 that Plaintiff served
9  subpoenas on five Nova Kombucha retailers where some sales information were
10 produced, yet Defendant failed to request documents produced by these retailers.  (Dkt.
11 No. 65-1, Fitzgerald Decl. ¶ 5.)  In fact, Baron's market had sent defense counsel a link to
12 download its production of documents but it failed to download them.  (Dkt. No. 62-3,
13 Hernandez Decl., Ex. B at 3.)
14     To the extent that defense counsel knew she had two different trials set to proceed
15 in early March 2025 and early April 2025, and that the motion to compel discovery
16 would occupy her time, she should have sought relief from the Court shortly after the
17 motion for class certification and motion to compel were filed.  Further, while Defendant
18 blames Plaintiff's counsel for his failure to provide earlier dates for his deposition, (Dkt.
19 No. 66 at 7), in fact, the failure was due to defense counsel's lack of response to
20 Plaintiff's email of March 19, 2025 asking Defendant for suggested deposition dates.
21 (Dkt. No. 62-2, Hernandez Decl., Ex. A at 2.)  In that final email communication between
22 both counsel regarding Plaintiff's deposition, Plaintiff responded, "If you think an earlier
23 date makes sense, we are amenable.  Please let us know what week(s) you would like to
24 depose him, and we will ask him about his availability."  (Dkt. No. 62-2, Hernandez
25 Decl., Ex. A at 2.)  Defendant failed to respond with proposed earlier dates.  Instead, one
26 month later on April 14, 2025, Defendant filed the instant ex parte application
27 complaining about the inability to depose Plaintiff.  Therefore, as to the ability of
28

Defendant to depose Plaintiff, the Court finds that Defendant was not diligent in responding to Plaintiff's counsel and providing an earlier date for Plaintiff's deposition.

Next, on April 11, 2025, one week before Defendant's opposition to the class certification motion is due, Defendant sought consumer data of Jimbos, Barons and Whole Foods which were relied on by Plaintiff's expert in the class certification motion. According to Plaintiff, these documents were subject to the protective order which required him to obtain authorization to the producing party. (Dkt. No. 65-5, Fitzgerald Decl., Ex. 5 at 3.) While Plaintiff produced documents for Jimbos and Barons, it did not for Whole Foods since the person at Whole Foods authorized to approve the production was not available. (Dkt. No. 66, Hernandez Decl. ¶ 4.) Defendant received the Whole Foods data on April 15, 2025, a day after the ex parte application. (Dkt. No. 65-5, Fitzgerald Decl., Ex. 4 at 5.) Again, the Court finds that Defendant was not diligent in seeking the consumer data from the grocery retailers in a timely manner having filed the request one week before its opposition was due and improperly blames Plaintiff for refusing to produce the requested documents and "feigning" that the records from Whole Foods was protected by the protective order. Based on the record, Plaintiff promptly filed the requested documents when they were available. To the extent that Defendant disputed that the consumer data was subject to the protective order, it should have sought relief from the Court.

While the Court finds that Defendant has not been diligent in seeking discovery or relief from the Court, it also recognizes that Defendant should be entitled to depose Plaintiff in order to oppose the motion for class certification. Therefore, the parties shall promptly meet and confer and arrange for the deposition of Plaintiff in an expeditious manner. To the extent there is disagreement on scheduling Plaintiff's deposition, the parties shall seek relief with the Magistrate Judge.

Further, Defendant has not explained why it needs three additional months or 20 weeks to file its opposition to the class certification motion. Because the only discovery

that remains is Plaintiff's deposition, the Court GRANTS in part Defendant's motion to continue the briefing schedule and hearing date.

Accordingly, IT IS HEREBY ORDERED

1	The hearing on Plaintiff's Motion for Class Certification currently scheduled for June 6, 2025 shall be continued to **June 27, 2025 at 1:30 p.m. in Courtroom 2D.**

2.	Defendant's Opposition, currently due to be filed and served on April 18, 2025, shall be continued to **May 16, 2025**; and

1.	Plaintiff's Reply Brief, currently due to be filed and served on May 2, 2025, shall be continued to **May 30, 2025**.

The parties shall reach out to the Magistrate Judge to obtain new dates for discovery and expert deadlines and other pre-trial related deadlines.

**IT IS SO ORDERED.**

Dated: April 17, 2025

Hon. Gonzalo P. Curiel
United States District Judge